GATES v. WHITCOMB.

*Mechanics' lien — relation between owner and person holding contract to purchase real estate.*

The owner of real estate in the city of Brooklyn contracted to sell the same to W., W. agreeing to erect buildings thereon, and the owner to advance a certain amount toward their erection. Upon their completion the owner was to convey to W. and receive back a mortgage for the purchase price and advances. Plaintiff furnished materials to build such buildings to W. and filed a lien therefor. *Held* (following *Hart* v. *Wheeler*, 1 N. Y. Sup. 403), that the relation of owner and contractor did not exist between the owner and W. under the act; that the buildings were erected with the permission of the owner, and the property was chargeable with the lien until a deed was delivered, without regard to the terms of the contract.

APPEAL by plaintiffs from a judgment in favor of defendant dismissing the complaint entered upon the report of a referee.

The action was brought by Theodore B. Gates and others against Joshua M. Whitcomb and others, to foreclose a mechanic's lien. The facts were these : Whitcomb and Goodrich, two of the defendants, contracted to sell certain real estate in the city of Brooklyn, to Timothy R. Weeks, the other defendant. By the contract, Weeks agreed to have buildings erected upon the premises contracted to be sold, and the vendors were to advance certain sums toward their erection, and upon the completion of the buildings, and

the performance by Weeks of other specified matters, to convey the premises to him and receive back a mortgage for the purchase-money and sums advanced. Weeks proceeded with the construction of the houses, and plaintiffs furnished material therefor, for which they filed the lien for the foreclosure of which this action was brought. Shortly afterward Whitcomb and Goodrich retook possession of the premises under a provision of the contract.

*Theodore B. Gates*, for appellant.

*William W. Goodrich*, for respondents.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

BARNARD, P. J. It has been held by this court in *Hart* v. *Wheeler*, 1 N. Y. Sup. 403, that when an owner of land agrees to sell to another and advances him money with which to build upon the premises sold, and after completion of the houses the builder is to secure the purchase price and the advances by mortgage, that the relation of owner and contractor does not subsist as between the parties, under the lien act. Laws 1862, chap. 478. In such cases the person who agrees to purchase builds by permission of the owner, and the property is chargeable with the lien until the deed is actually delivered, without regard to the terms of the contract of purchase.

The question presented on this appeal is *res adjudicata* and the judgment should be reversed and a new trial granted at special term, costs to abide event.

*Judgment reversed and new trial granted.*